## SENTICH v. VILLAGE OF CLEVELAND HTS.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7911. Decided Feb. 6, 1928.

### First Publication of this Opinion.

### Syllabus by Editorial Staff.

(Middleton, PJ., Mauck and Thomas, JJ., of the 4th Dist., sitting.)

923. PLEADINGS—1106. Statute of Limitations.

1. General denial of answer not sufficient to relieve plaintiff of bar of statute of limitations.

2. In order to relieve himself of such bar, he must state, in his petition, facts which, if true, would accomplish that result.

677. JUDGMENTS—480. Evidence.

In determining a motion for judgment on pleadings, trial court is confined to pleadings, and, if necessary to hear evidence to explain circumstances involved therein, necessary that such evidence be heard by jury.

### Error to Common Pleas.

### Judgment reversed.

Turney & Sipe, Cleveland, for Sentich.

C. E. Hartshorn, Cleveland, for Cleveland Hts. (Village).

## STATEMENT OF FACTS.

The plaintiff in error was the plaintiff below in an action against the defendant in error for the recovery of certain damages which the plaintiff claimed resulted from personal injuries which he sustained by reason of the negligence of the defendant in error in the care of its streets. The injury was alleged to have occurred on the 29th day of September, 1920. The case now before us was instituted on the 18th day of March, 1925, being more than four years after the date of the alleged injury. The plaintiff, in his amended petition, states that within one year of the bringing of this suit, a former petition was dismissed without prejudice, said former case being No. 220,219. In answer to this amended petition, the defendant alleged that the action was instituted more than four years after the date of the alleged injury, and that the dismissal of the first action was at the plaintiff's own instance and volition.

In the reply filed to this answer, there is a general denial.

This was the state of the pleadings when the instant action came on for trial in the Court of Common Pleas and when the defendant in error filed a motion for judgment on the pleadings, which motion was allowed by the trial court. It is to its action in this behalf that error is prosecuted in this proceeding.

At the time this motion was heard, the trial court permitted the defendant to offer the testimony of the trial judge in the original action, and also the notes of the stenographer, taken at that time, were adduced in evidence.

## OPINION OF COURT.

The following is taken, verbatim, from the opinion.

MIDDLETON, PJ.

We are of the opinion that this evidence may not be considered in determining the correctness of the judgment on the motion for judgment on the pleadings. In determining that motion, the trial court was confined to the pleadings alone, and if it was necessary to take evidence to explain some of the circumstances involved in the pleadings, it would necessarily follow that such evidence must be heard by a jury. However, independent of this evidence and upon the pleadings alone, we think the judgment of the court was correctly entered. There is nothing in the amended petition which may be said to relieve the plaintiff from the bar of the statute of limitations, or bring him within the provisions of Section 11233 GC. This is so because it nowhere appears in the petition whether the dismissal was voluntary by the plaintiff, or whether such dismissal was involuntary in respect to plaintiff and due to matters not within his control. The entry which he pleads in his reply also fails to show the things necessary to give him the protection of Section 11344, supra.

While it is true that the plaintiff, in his reply, makes a general denial to what is said in the answer, yet the burden does not rest upon the defendant, under the pleadings as they now appear, but the plaintiff, in his amended petition, having attempted to relieve himself of the bar of limitations, must state facts which, if true, would accomplish that result. This the plaintiff has failed to do, both in his amended petition and in his reply to the defendant's answer, and the judgment, therefore, must be affirmed.

(Mauck and Thomas, JJ., concur.)